The order below is hereby signed:

Signed: June 30 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STUDIO PALMERA, LLC, | ) | Case No. 08-00460 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On June 4, 2012, Bank of America, on behalf of itself and its subsidiary, FIA Card Services, N.A., filed an application for release of unclaimed funds in the amount of $1,397.49 (Dkt. No. 65). On May 27, 2010, the unclaimed dividend in question was deposited into the court's registry pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Absent a showing by Bank of America that the debt once payable to it has not been previously satisfied, the

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

> Ninety days after final distribution under section . . . 1326 of this title in a case under chapter 7, 12, or 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

court will not grant the relief sought.

The burden is on Bank of America to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965). Although the record before the court demonstrates that Bank of America was at one time entitled to the funds, it has not demonstrated a present entitlement, as required. *See* 28 U.S.C. § 2042;[2] *Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

The application does not indicate why the check went uncashed,[3] and although the funds were originally distributed by check made payable to Bank of America pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Wells Fargo Bank's **present**

---

[2]  28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

[3]  The court notes that the trustee's notice of unclaimed dividend lists an address for Bank of America that is incomplete when compared with the address provided by Bank of America on its proof of claim.

2

entitlement to the funds.[4]  *See Willametz*, 489 F.2d at 366.

If Bank of America's claim that was the basis for the issuance of the distribution has already been satisfied through some other source, such as a voluntary payment made by the debtor or a payment by a co-obligor, circumstances have changed such that Bank of America is no longer entitled to the funds.  *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.").  Any overpayment that might result from payment of the unclaimed funds to Wells Fargo Bank is not simply a matter to be resolved by Wells Fargo and the debtor.  Instead, § 2042 requires that the court determine Bank of America's entitlement to the funds.  It is thus

ORDERED that Bank of America's application for release of unclaimed funds (Dkt. No. 65) is DENIED without prejudice to the filing of an amended application demonstrating a present day entitlement to the funds.

[Signed and dated above.]

---

[4]  If Bank of America elects to file an amended application, it should use the court's standard form application (copy attached), which prompts the applicant to address the issue of why the funds went unclaimed, to certify that the debt remains unpaid, and to provide supporting account records.

Copies to:

Bank of America
c/o The Locator Services Group
280 Summer St., Suite 701
Boston, MA 02210

4

(01/11)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE: _____,  )        Case No.: _____
                  Debtor.  )        (Chapter ___)

APPLICATION FOR RELEASE OF UNCLAIMED FUNDS PURSUANT
TO 28 U.S.C. § 2042 AND BANKRUPTCY RULE 3011
AND NOTICE OF OPPORTUNITY TO OPPOSE THE APPLICATION

Pursuant to 28 U.S.C. § 2042 and Federal Rule of Bankruptcy Procedure 3011, _____, Applicant, reports as follows:

1. Application is hereby made for unclaimed funds that are owed to the Applicant in this case in the amount of $_____.____. These funds were deposited into the Registry of the Court pursuant to 11 U.S.C. § 347 after a check to _____ for the sum was not cashed.

2. The reason why the funds went unclaimed is that _____
_____
_____
_____.

3. The Applicant certifies that the Applicant is the entity entitled to a return of the unclaimed funds.  If the payee on the check was a creditor in the case, the claim of the creditor has not been satisfied from other sources, and the amount of the claim that remains unpaid is equal to or exceeds the amount of the unclaimed funds.

4. An account record regarding amounts owed on the debt:
    [ ] was not maintained;
    [ ] was maintained and a copy of the page stating the balance currently owed is attached hereto;
    [ ] was maintained but is unavailable because _____
_____
_____
    but I can certify that the debt remains unpaid because _____
_____
_____
_____.

5. I have attached hereto _____ page(s) (if any) further explaining my

Page 1 of  3

(01/11)

Application and _____ page(s) of documents in support of this Application[1]. Each document is a true copy of a genuine document.  I am additionally **separately filing** a *Statement of Social Security Number or Taxpayer Identification Number in Support of Application for Release of Unclaimed Funds*.

      6.  The Applicant requests that the said unclaimed funds be returned to:

_____

_____

_____


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this ___ day of _____, _____.

Signature: _____

Telephone No.: _____   Printed Name:_____

---

[1] See the instructions contained in the court website's Information Regarding Unclaimed Funds for the documents that must accompany application.

(01/11)

**NOTICE IS HEREBY GIVEN THAT ANY OBJECTION TO THIS APPLICATION MUST BE FILED WITHIN 21 DAYS AFTER THE DATE OF SERVICE NOTED BELOW**.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing Application were mailed, postage prepaid, this _____ day of _____ , _____, to:

_____, Trustee
_____
_____
_____

United States Attorney's Office
555 4th Street, N.W. - 5th Floor
Washington, DC 20001

Office of United States Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314

_____
Signature

_____
Printed Name